Filed 11/19/20  P. v. Blair CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C091290 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18F2639, 18F7967) |
| v. | |
| JASON WREY BLAIR, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jason Wrey Blair has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant pleaded no contest in two different cases on June 24, 2019.  In case No. 18F2639 (drug case), defendant pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378) and admitted a prior strike (Pen. Code, §§ 667,

1

subd. (d), 1170.12, subd. (b)).  In case No. 18F7967 (evading case) defendant pleaded no contest to evading a police officer while driving against traffic (Veh. Code, § 2800.4) and admitted a prior strike (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b)).  In exchange, all remaining counts and allegations were dismissed, as was case No. 18M839.  The stipulated factual basis for the pleas were Anderson police report No. 1717296 and Redding police report No. 1826019.

Defendant agreed he would receive a sentence of five years four months, provided that he attended his presentence interview and sentencing hearing and otherwise abided by the conditions of his release.  Failure to do this would forfeit the agreed upon sentence.

Defendant failed to appear for judgment and sentencing on August 27, 2019, as agreed, and a warrant was issued for his arrest.  Defendant was arrested and brought to court on November 8, 2019.  On December 31, 2019, he admitted violating his conditions of release.

Defendant was sentenced on January 2, 2020, to an aggregate prison term of seven years four months.  The court set the evading case count as the principal term and imposed the upper term of three years, doubled to six years because of the prior strike.  The court then imposed one-third the midterm (eight months) on the drug case, to be served consecutively, doubled to 16 months because of the prior strike.  The court awarded 62 days of actual credit plus 62 days of conduct credit for a total of 124 days of custody credit.  Finally, the court found defendant was unable to reimburse the county for the cost of his attorney.

Defendant timely filed notices of appeal and did not request certificates of probable cause.

### DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to

review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors favorable to defendant.

## DISPOSITION

The judgment is affirmed.


               KRAUSE         , J.


We concur:


     BLEASE       , Acting P. J.


     HOCH        , J.